People v Burney
2026 NY Slip Op 04100
June 26, 2026
Appellate Division, Fourth Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
KHALIL BURNEY, DEFENDANT-APPELLANT. (APPEAL NO. 1.)

Supreme Court of the State of New York, Appellate Division, Fourth Judicial Department
Decided on June 26, 2026
464 KA 24-01367
Present: Whalen, P.J., Lindley, Ogden, Nowak, And Delconte, JJ.

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (KRISTIN E. MARKARIAN OF COUNSEL), FOR DEFENDANT-APPELLANT.
MICHAEL J. KEANE, DISTRICT ATTORNEY, BUFFALO (HARMONY A. HEALY OF COUNSEL), FOR RESPONDENT.

Appeal from a judgment of the Supreme Court, Erie County (Deborah A. Haendiges, J.), rendered May 10, 2023. The judgment convicted defendant, upon his plea of guilty, of strangulation in the second degree.
[*1]
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his guilty plea, of strangulation in the second degree (Penal Law § 121.12). We agree with defendant that, as the People correctly concede, the waiver of the right to appeal is invalid. Initially, the written waiver form signed by defendant improperly portrayed the waiver as an absolute bar to the taking of a direct appeal (see People v Zukic, 240 AD3d 1192, 1193 [4th Dept 2025], lv denied 44 NY3d 995 [2025]). In light of the additional misstatement of Supreme Court during the oral colloquy that a challenge to the severity of the sentence would survive the waiver, it cannot be concluded that the totality of the circumstances reveals that defendant "understood the nature of the appellate rights being waived" (People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US 1302 [2020]; see People v Mason, 236 AD3d 1354, 1355 [4th Dept 2025], lv denied 43 NY3d 1010 [2025]). We nonetheless conclude that the sentence is not unduly harsh or severe.
Entered: June 26, 2026
Ann Dillon Flynn
Clerk of the Court